

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# USA v. Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Knight" (2008). *2008 Decisions.* Paper 377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3868

_____

UNITED STATES OF AMERICA

v.

JAMES LAMAR KNIGHT

James Knight,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cr-00917)
District Judge:  Honorable Noel L. Hillman

_____

Submitted under Third Circuit LAR 34.1(a)
on June 27, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Filed:  October 10, 2008)

_____

O P I N I O N

**ROTH,** Circuit Judge:

James Knight appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. For the reasons discussed below, we will affirm.

I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

Knight was charged in a superseding two-count indictment with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2, and with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Pursuant to a plea agreement executed on June 5, 2007, Knight pled guilty to the firearm charge, and the drug trafficking charge was dismissed. In addition, the parties agreed 1) that the November 1, 2006, U.S. Sentencing Guidelines would apply in this case and that the applicable guideline is § 2K2.1; 2) that Knight's base offense level is twenty-four and that a three-point downward adjustment should apply, resulting in an offense level of twenty-one, which, given Knight's criminal history, would yield a sentence of seventy-seven to ninety-six months; and 3) that the Government would not contest Knight's argument that he did not possess the gun in connection with another felony offense for purposes of an enhancement

2

under U.S.S.G. § 2K2.1(b)(4).[1] However, in the Presentence Investigation Report, the Probation Office recommended a four-level enhancement pursuant to § 2K2.1(b)(6), which applies where "the defendant used or possessed any firearm or ammunition in connection with another felony offense . . .."

The District Court held a sentencing hearing on July 27, 2006. Knight objected to the proposed enhancement on the ground that the firearm had not been used or possessed "in connection with" another felony offense, in particular because the evidence supported a finding that Knight had possessed only a small amount of cocaine for personal use.

The District Court granted the enhancement, noting that, under Application Note 14(B), where "a firearm is found in close proximity to drugs," the firearm "has the potential of facilitating another felony offense or another offense." The District Court concluded that Knight's possession of the firearm facilitated even "mere possession" of the crack cocaine.

The District Court also concluded that Knight's conduct suggested that he was engaged not in mere possession, but drug distribution; thus, possession of the weapon was "in connection with" both possession and distribution. In support of its conclusion, the District Court cited that Knight had been charged with drug trafficking by the State of New Jersey, had been indicted with possession with intent to distribute in the superseding

---

[1]The plea agreement's reference to § 2K2.1(b)(4) appears to be a typographical error. Section 2K2.1(b)(4) refers to (A) offenses subsequent to sustaining a felony conviction for a crime of violence or controlled substance offense or (B) semiautomatic or 26 U.S.C. § 5845(a) firearms.

indictment, had two prior convictions for drug distribution, was in a drug distribution area at almost midnight at the time of his arrest, fled from the officers, and had almost $2,000 in cash at the time of his arrest, separated into different bundles in different pockets.

Application of the four-level enhancement resulted in a sentencing range of 110 to 120 months imprisonment. After hearing argument from counsel and a statement from Knight, the District Court sentenced Knight to 115 months imprisonment. The District Court concluded that such a sentence reflected the nature and circumstances of the offense and Knight's criminal history, would deter others from committing crimes, and was designed to protect the public from further crimes.

Knight appealed. He argues that the District Court's use of Application Note 14(B) constitutes an *ex post facto* violation, that there is insufficient evidence to support a finding that he possessed the firearm in connection with drug distribution, and that the 115-month sentence is unreasonable.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Knight's first point of error is that the District Court's reliance on Application Note 14(B) violated his constitutional rights because his offense was committed prior to Application Note 14(B)'s November 1, 2006, effective date. However, in the plea agreement, Knight and the Government agreed that the November 1, 2006, Guidelines, and

specifically § 2K2.1 (which the Application Note accompanies) would apply. The plea agreement also states, "[I]f the sentencing court accepts a stipulation, both parties waive the right to file an appeal . . . claiming that the sentencing court erred in doing so." The record suggests that this waiver was knowing and intelligent. *United States v. Gwinnett*, 483 F.3d 200, 204-05 (3d Cir. 2007). As such, this waiver is valid unless it would result in "a miscarriage of justice." *Id.* at 205 (internal quotation omitted).

We cannot find a miscarriage of justice here. Even if Knight had not agreed to the application of the November 2006 Guidelines, the finding that Knight possessed a firearm "in close proximity to drugs" was only one basis for the District Court's decision to apply the four-level enhancement. The District Court also determined that Knight had carried the firearm in connection with drug distribution; thus, the court could have imposed the four-level enhancement without applying Note 14(B).[2] *See United States v. Loney*, 219 F.3d 281, 288 (3d Cir. 2000) ("When a defendant has a loaded gun on his person while confronting a victim or buyer in person during an assault, *drug deal*, or robbery, it is easy to see that the gun has the potential for facilitating these types of crime.") (emphasis added).

Knight argues that, even if the District Court did not rely upon Application Note 14(B) in applying the enhancement, there is insufficient evidence to support the conclusion that

---

[2]For the same reason, even if we were to find that Knight had not waived his right to appeal the use of Application Note 14(B), we would find no plain error in the District Court's application of the enhancement because no prejudice resulted. *United States v. Olano*, 507 U.S. 725, 734 (1996).

Knight's possession of the firearm facilitated another felony offense. Knight argues that possession of only 1.7 grams of crack cocaine is not a felony because it is not punishable by a term of more than one year and that there was no connection between his possession of the firearm and drug activity other than mere proximity.

Guideline enhancements must be proven by a preponderance of the evidence, and we review the District Court's factual findings at sentencing for clear error. *Id.* With respect to Knight's assertion that possession of 1.7 grams of crack cocaine is not a felony, that may be true for first-time offenders. As the Government points out, however, Knight has prior drug convictions; thus, the drug possession could have resulted in more than one year imprisonment in his case. 21 U.S.C. § 844(a).

With respect to the other felony, drug distribution, in connection with which the District Court determined Knight had possessed the firearm, sufficient evidence supports the finding that Knight had engaged in such activity in connection with possession of a firearm. It is true, as the District Court acknowledged, that the record does not include all the evidence that might be expected to establish a drug trafficking offense. However, when Knight was arrested with the firearm, it was midnight, he was in a known drug area, he had a large quantity of cash stowed among different pockets, and he told the probation officer that he had been carrying the gun for protection. In addition, Knight had a criminal history of drug distribution and was indicted for distribution along with possession of the firearm in this case. Such evidence supports the reasonable conclusion that Knight used the firearm in

6

connection with the felony offense of drug distribution.

Knight's challenge to the reasonableness of his sentence also fails. Review of a sentence for reasonableness essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); *see also United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). "That we may ourselves have imposed a sentence different from that of the district court, based on our own de novo assessment of the evidence, is no basis to overturn the judgment." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

The record indicates that the District Court reasonably considered and applied the relevant § 3553(a) factors in determining Knight's sentence. The sentence was within the Guidelines range. Moreover, while acknowledging that Knight had family members who cared about him, the District Court explained that Knight's offense was serious, in part because carrying a firearm could pose a danger to the community at large, that Knight had a considerable criminal history given his age and apparently was unwilling or unable to be law-abiding, and that Knight had a pattern of evading, resisting, or not cooperating with law enforcement. Accordingly, the District Court concluded that a 115-month sentence was necessary to reflect the seriousness of the offense, to provide just punishment that would adequately deter others similarly situated from committing crimes, to promote respect for the

7

law, and to protect the public from further crimes.  On the record before us, we cannot say that the District Court abused its discretion in imposing the 115-month sentence.

## III. __Conclusion__

For the reasons set forth above, we will affirm the judgment of the District Court.